IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANK GREGORY FORD,

        Plaintiff,                         NO. 2:12-cv-02370-KJM-AC

    v.

VICTOR ARTIGA, et al.,                    ORDER

        Defendants.
                               /

        Plaintiff Frank Gregory Ford filed a complaint against defendants Victor Artiga, Merle Madera, Timothy D. Ryan, Thomas M. Pappas, the California Military Department ("CMD"),[1] the United States of America and "Unidentified Agents" on September 14, 2012. (ECF 1.)  Ford alleges the following causes of action based on events he claims occurred during his service with the U.S. Military in Afghanistan in 2003: (1) a claim against all defendants for violation of Ford's constitutional rights, made under 42 U.S.C. § 1983; (2) a claim for medical malpractice against Madera; (3) a claim for false imprisonment under California Government Code § 820.4 against unspecified defendants (4) a claim for war crimes under 18 U.S.C. § 2441

/////

---

[1] CMD is named as "California Army National Guard" in Ford's complaint.  (ECF 1.)

1

against all defendants; (5) a claim for torture against all defendants and (6) a claim under the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8), against all defendants. (*Id.*)

CMD filed a motion to dismiss all of Ford's claims on December 14, 2012. (ECF 13.) Ford filed an opposition to CMD's motion to dismiss on January 31, 2013. (ECF 22.) CMD filed a reply on February 5, 2013. (ECF 25.)

On December 11, 2012, Madera filed a motion to set aside the December 5, 2012 entry of default as to the claims against her. (ECF 9, 11.) In response, Ford filed a "conditional non-opposition" on January 9, 2013. (ECF 18.) Madera filed a reply on January 17, 2013. (ECF 20.)

For the reasons explained below, the court GRANTS CMD's motion to dismiss and GRANTS Madera's motion to set aside entry of default.

I.   MOTION TO DISMISS

   A.   Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to

dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court must construe the complaint in the light most favorable to the plaintiff and accept as true the factual allegations of the complaint. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988-89 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003); *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *compare Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) (noting that even though court may look beyond pleadings on motion to dismiss, generally court is limited to face of the complaint on 12(b)(6) motion).

  B. Analysis

As CMD argues, the court must dismiss Ford's claims against the CMD because the court has no power to hear suits that infringe on a state's sovereign immunity. The Eleventh Amendment refers to the sovereign immunity of the states, *Alden v. Maine*, 527 U.S. 706, 712 (1999), providing that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. amend. XI. The prohibition on suits against states also extends to suits against state

agencies. *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429-31 (1997). Ford does not dispute that CMD is a state agency protected by sovereign immunity. *Cf. Jones v. N.Y. State Div. of Military and Naval Affairs*, 166 F. 3d 45, 49 (2d Cir. 1999) (upholding dismissal of claims against New York State Division of Military and Naval Affairs on Eleventh Amendment grounds); *Bryant v. Military Dept. of State of Miss. ex. rel. Miss. Air Nat. Guard*, 381 F. Supp. 2d 586, 591 (S.D. Miss. 2005) (extending Eleventh Amendment immunity to Mississippi National Guard).

Ford argues instead that the literal language of the Eleventh Amendment allows the court to hear his suit against CMD. He asserts that because the Amendment only specifies that federal courts may not hear suits against a state by a citizen of a different state, not that federal courts may not hear suits against a state by a citizen of that state, he may sue CMD as a California citizen. (ECF 22 at 5.) However, the Supreme Court has consistently rejected this interpretation of the Amendment since issuing its early opinion in *Hans v. Louisiana*, 134 U.S. 1, 15 (1890). *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984) ("[D]espite the limited terms of the Eleventh Amendment, a federal court [can]not entertain a suit brought by a citizen against his own State."). Moreover, the Court has explained that the Eleventh Amendment does not "explicitly memorializ[e] the full breadth of sovereign immunity retained by the States when the Constitution was ratified . . . . [T]he Eleventh Amendment does not define the scope of the States' sovereign immunity; it is but one particular exemplification of that immunity." *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 753 (2002).

Ford also argues that he may assert claims against CMD because he seeks prospective relief as well as money damages, specifically "a promotion to Chief Warrant Officer." (ECF 22 at 5.) This argument is unavailing for two reasons. First, Ford's complaint does not contain any request for prospective relief; it only requests money damages. Second, a demand for prospective relief as an exception to sovereign immunity only applies in an action

against a state official based on *Ex Parte Young*,[2] not in an action against a state or agency itself. *See Edelman v. Jordan*, 415 U.S. 651, 664-68 (1974) (party may seek prospective relief but not monetary relief against state official).

Because the Eleventh Amendment bars Ford's claims against CMD, the court grants CMD's motion to dismiss each of Ford's claims against it.

II.     Motion to Set Aside Default

On November 30, 2012, Ford requested an entry of default as to his claims against Madera under Federal Rule of Civil Procedure 55(a). (ECF 8.) Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." The clerk entered default on December 5, 2012, in light of Ford's affidavit stating that Madera had not filed a response to his complaint. (ECF 8, 9.) Madera now moves to set aside the clerk's entry of default under Federal Rule of Civil Procedure 55(c), which allows entry of default to be set aside "for good cause." Madera avers she was not properly served. (ECF 11.)

The court does not have jurisdiction over a defendant when service was defective. *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). Accordingly, a court may set aside an entry of default because of improper service. *See S.E.C. v. Internet Solutions for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) (stating a default judgment is void if there was a lack of service). "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986).

/////

/////

---

[2] 209 U.S. 123 (1908).

5

Federal Rule of Civil Procedure 4 provides, in pertinent part:

> [A]n individual . . . may be served in a judicial district of the United States by:
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or . . . (A) leaving a copy of [the summons and of the complaint] at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there . . . .

FED. R. CIV. P. 4(e). California law allows service "by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode . . . in the presence of a competent member of the household . . . ." CAL. CIV. PROC. CODE § 415.20(b).

       The proof of service that Ford filed with the court states that on October 19, 2012, copies of the summons and the complaint were left "at defendant's dwelling house or usual place of bode [sic] with a person of suitable age and discretion then residing therein" by leaving them with "Ms. Johnson" of "Human Resources," described as "African-American, [f]emale, [a]ge 40+, 5'4", 150 lbs, [b]lack [h]air." (ECF 6.)

       Madera argues that service was defective because the proof of service does not specify the address of the dwelling where the summons and complaint were left or which defendant was purportedly served. (ECF 11 at 2-3.) Madera also provides a declaration stating that she never received a copy of the complaint and there is no "Ms. Johnson" at Madera's home. (Madera Decl. ¶¶ 2-3, ECF 11-1.) Ford filed a response stating only that he would not oppose the motion to set aside default, "without conceding any defect in the service of process, if, and only if, the United States of America files an Answer or otherwise makes an appearance within twenty (20) days . . . ." (ECF 18). Ford does not dispute any of the facts in Madera's declaration or argue that service was proper. The court therefore grants Madera's motion to set aside the entry of default.

/////

/////

6

IT IS THEREFORE ORDERED that:

1. CMD's motion to dismiss all causes of action against it is GRANTED.

2. Madera's motion to set aside entry of default is GRANTED.

DATED: March 4, 2013.

_____
UNITED STATES DISTRICT JUDGE